IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

MARY DEAN,

    Plaintiff

v.                                                    Civil Action No. 5:13-cv-19

BRANDY ALDERMAN, WILL WARD,
and THE CITY OF WHEELING

## REPORT & RECOMMENDATION

### *I. INTRODUCTION*

      On December 16, 2010, Plaintiff filed a complaint in the Circuit Court of Ohio County, two years to the day of the incident where the alleged violations of her civil rights took place. On that day in 2008, Defendants Alderman and Ward responded to a domestic dispute that was allegedly taking place between Plaintiff and David Law. Plaintiff alleges in her complaint that these two Defendants instructed her to allow Mr. Law to get his clothes and leave, and that she advised the officers that Mr. Law's clothes were at the back door and he was not allowed in the home. It is at this point that Plaintiff alleges the officers effectuated a warrantless search of her home and arrested her without probable cause, using excessive force during the course of events. In addition to these alleged constitutional violations, Plaintiff asserts several state law causes of action against the officer Defendants, and the City of Wheeling for negligently hiring and retaining the officers.

      As noted, Plaintiff filed her complaint in the Circuit Court of Ohio County two years after the incident occurred. However, Plaintiff did not serve a copy of the summons and complaint on the Defendants until the early months of 2013, more than two years after the Complaint was filed. Defendants then timely removed the action to this Court. On February 19, 2013, the undersigned

1

conducted a preliminary review of the complaint and ordered the Defendants to answer. On February 25, 2013, Defendants filed their first motion to dismiss the complaint. In the motion, Defendants argue that, among other things, they were they not timely served.[1] On February 26, the Court issued a *Roseboro*[2] notice informing Plaintiff of her right to file responsive material. On March 8, 2013, Richard A. Robb, Esquire, filed a notice of appearance with the Court. On March 18, 2013, Plaintiff filed a response to the motion to dismiss.

Plaintiff claims that she contacted a local attorney a few months after the incident in an effort to pursue her claims against the city and the officers. She contends that this attorney agreed to represent her in the case, and that over the next year and a half this attorney assured her that the action was being diligently pursued. Shortly before the statute of limitations on these causes of action was to expire, Plaintiff claims that the attorney met with her. At that meeting, the attorney represented that he would no longer be pursuing the claim, but that he would draft a *pro se* complaint for her and file it in the circuit court. Further, the attorney advised her that she would have 120 days to serve the complaint and summons.

Plaintiff claims that the attorney followed through and filed the complaint. However, she claims that she did not receive a copy of the complaint from the attorney until early February 2011; thus, she had only sixty days remaining to serve the Defendants. Further, she claims that not having the papers until this late hindered her ability to get a new lawyer. Obviously, Plaintiff failed to serve within the sixty remaining days. Late last year, Plaintiff filed a legal malpractice action against the attorney and learned that the instant lawsuit had not been dismissed. She immediately paid the

---

[1] Defendants also claim that service was not proper, and raises immunity and statute of limitation defenses, but because the Court recommends disposition on timeliness of service grounds it will not discuss these other claims.

[2] *See* Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975).

sheriff for service.

## II. DISCUSSION

Federal Rule of Civil Procedure 12(b)(5) allows a party to move to dismiss for insufficient service of process. If service occurred prior to removal, then state law controls the question of whether service was proper. *See Wolfe v. Green*, 660 F. Supp. 2d 738, 745-46 (S.D.W.V. 2009). Pursuant to West Virginia Rule of Civil Procedure 4(k), service must be effected within 120 days after the complaint is filed. If a plaintiff fails to do so, and shows good cause, a court "shall extend the time for service for an appropriate period." *Id.* The West Virginia Supreme Court of Appeals has found that to establish good cause under Rule 4(k), a plaintiff must show more than "mere inadvertence, neglect, misunderstanding, or ignorance of the rule or its burden," and courts may consider the following to determine whether good cause exists:

> (1) the length of time used to obtain service; (2) the activities of the plaintiff; (3) the plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's location could have been ascertained; (5) the actual knowledge by the defendant of the pendency of the action; and (6) special circumstances which would affect the plaintiff's effort.

*State ex rel. Charleston Area Medical Center v. Kaufman*, 475 S.E.2d 374, 380-81 (W. Va.1996) *overr'd on other grounds by Burkes v. Fas-Chek Food Mart, Inc.*, 617 S.E.2d 838 (W. Va. 2005). If good cause is not established, and a court seeks to exercise its discretion, among the factors it may consider are: (1) whether the defendant evaded service, (2) whether the defendant knowingly concealed a defect in service, (3) whether the statute of limitations has expired, and (4) whether the defendant has been prejudiced by the failure to serve. *Burkes*, 617 S.E.2d at 844-45.

As noted, Plaintiff filed her state court complaint on December 16, 2010, and, by the Ohio County Clerk's notation on the docket sheet, service was held. *See* CM/ECF No. 1, Ex. B. It was not

3

until January 23, 2013, that summons was issued to all parties by the Clerk, *id.*, nearly 800 days after the complaint was filed, and clearly past the 120 days provided for in the Rule. Thus, the Court must first consider whether good cause exists by looking at the factors provided by the West Virginia Supreme Court.

First, the Court has already shown its concern for the amount of time that has elapsed since the filing of the complaint, and this is clearly not the case where a plaintiff misses the deadline by a day, week, or even months. Second, there is nothing to show that the activities of Plaintiff prevented her from serving; rather, she admits in her response that she knew of the 120 deadline, and even with receiving the papers two months after the complaint was filed still had ample time to serve the Defendants. With regard to the third and fourth factors, Defendants are two police officers and the city of Wheeling. It appears from her complaint that Plaintiff is a resident of Wheeling, and if she did not know where to serve these parties she could have easily found out. Fifth, there is nothing to indicate that Defendants knew of this lawsuit prior to being served. And finally, although Plaintiff has presented to the Court that an attorney might have failed in his duties to his client, Plaintiff admits she was aware of the time constraints and still did not even attempt service. After considering these factors, the Court finds that good cause does not exist for Plaintiff's failure to serve within 120 days.

Under West Virginia law a court may still exercise its discretion under the four factors outlined above, but based on the facts of this case the Court finds that exercise of that discretion is not proper. There is nothing to show that Defendants evaded service, or knowingly withheld a defect in service, and, although the statute of limitations will have elapsed if Plaintiff files a new complaint, Plaintiff should not be the benefactor for knowingly sitting on her rights for more than four years.

4

In this sense, Defendants would be prejudiced by having to defend a lawsuit based on an arrest made more than four years ago.

### III. CONCLUSION & RECOMMENDATION

Because Plaintiff has not properly served Defendants within the time frame allowed by the West Virginia Rules of Civil Procedure, the undersigned **RECOMMENDS** that the complaint be **DISMISSED WITHOUT PREJUDICE** under Federal Rule of Civil Procedure 12(b)(5).

Any party may, within fourteen [14] days after being served with this report and recommendation, file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the United States District Judge of record. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985): *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

The Clerk is directed to transmit a copy of this report and recommendation to all counsel of record, as applicable.

DATED: April 1, 2013    /s/ *James E. Seibert*
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE