```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

MARY DEAN,

      Plaintiff,

v.                                    Civil Action No. 5:13CV19
                                                                  (STAMP)
BRANDY ALDERMAN, individually
and in her capacity as agent
and employee of City of Wheeling,
WILL WARD, individually and in
his capacity as agent and
employee of City of Wheeling
and THE CITY OF WHEELING, a West
Virginia municipal corporation,

      Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

On December 16, 2010, the then pro se[1] plaintiff filed a civil rights complaint against these defendants in the Circuit Court of Ohio County, West Virginia.  The complaint alleges that defendants Brandy Alderman ("Alderman") and Will Ward ("Ward") responded to a domestic dispute between the plaintiff and David Law on December 16, 2008, and that, in the course of responding to this incident, effectuated a warrantless search of her home and arrested her without probable cause, using excessive force during the course of events.  She asserts a number of constitutional violations, as well as state law causes of action against defendants Alderman and Ward,

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer.  Black's Law Dictionary 1341 (9th ed. 2009).

and against the City of Wheeling for negligently hiring and retaining the officers.

Although the complaint was filed in December 2010, the plaintiff did not serve the defendants with a copy of the summons and complaint until early 2013, more than two years after the complaint was filed. After the defendants were served, they removed this civil action to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. The defendants then filed a motion to dismiss which argued, among other things, that the complaint should be dismissed because they were not timely served with the complaint and summons.

Pursuant to 28 U.S.C. § 1915(e) and 28 U.S.C. § 636, this Court referred the plaintiff's complaint to the Honorable James E. Seibert, United States Magistrate Judge, for report and recommendation. Shortly thereafter, attorney Richard A. Robb entered his appearance on behalf of the plaintiff, and the parties fully briefed the defendants' motion to dismiss. Magistrate Judge Seibert then entered a report and recommendation, recommending that this Court grant the defendants' motion to dismiss, and dismiss the plaintiff's complaint without prejudice for failure to timely serve the defendants. The magistrate judge informed the parties that any party wishing to object to the report and recommendation could file written objections within fourteen days of being served with the report and recommendation. The plaintiff filed timely objections,

and also filed untimely supplemental objections.[2] This Court directed the defendants to respond to the objections, as they raised issues and arguments not previously raised before the magistrate judge. The defendants responded to the objections, and the plaintiff filed a second supplement to her objections. For the reasons that follow, this Court must affirm and adopt the recommendations of the magistrate judge, overrule the plaintiff's objections, and dismiss the plaintiff's complaint without prejudice.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a _de novo_ review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the plaintiff filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed _de novo_.

## III. Discussion

The defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(5), which allows a party to move for dismissal for insufficient service of process.[3] The defendants argue that

---

[2]Although this Court notes that the plaintiff's supplemental objections were untimely, in the interest of determining the proper outcome of the defendants' motion to dismiss, the supplemental objections have been considered.

[3]The defendants also move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), and offer a number of bases for dismissal. However, the magistrate judge only considered the timeliness of service, and as this Court agrees with the magistrate judge that dismissal is appropriate as a result of untimeliness of service, this Court will also only consider this basis for

service was insufficient in this case because the plaintiff failed to serve them with the complaint and summons in this case within 120 days after the complaint was filed, as is required by West Virginia Rule of Civil Procedure 4(k).  See Wolfe v. Green, 66 F. Supp. 2d 738, 745-46 (S.D. W. Va. 2009) (When service occurs prior to removal, state law controls the question of whether service was proper.).  The plaintiff does not contest the fact that she failed to properly serve the defendants within the 120 day time limitation required by Rule 4(k), but rather argues that this failure should not result in dismissal of her complaint because she had "good cause" for failing to meet this deadline.  See W. Va. R. Civ. P. 4(k).  Accordingly, she asserts, this Court must extend the time for service appropriately to allow her case to move forward based upon service in early 2013.

    The plaintiff argues that she had retained counsel in order to file this civil action a few months following the relevant incidents in 2008, and that throughout the next year and a half, her counsel informed the plaintiff that her claims were being pursued.  However, on the last day prior to the expiration of the statute of limitations for her claims, the plaintiff's counsel at the time informed her that he could no longer represent her.  Counsel indicated that he would draft a pro se complaint for her and file it in the state court.  He also informed the plaintiff that she would need to serve the defendants with the complaint and

---

dismissal.

summons within 120 days of filing the complaint. Counsel then timely filed the complaint on the final day before the expiration of the statute of limitations. The plaintiff argues that, after her counsel filed the pro se complaint, she did not receive a copy of the complaint for 60 days, leaving her only 60 days to serve the defendants. The plaintiff failed to serve the defendants within this time period.

The plaintiff then claims that, late in 2012, the plaintiff filed a legal malpractice action against her counsel, and throughout the process of that case, at some point discovered that this action had not been dismissed. After discovering this, she immediately served the defendants.

Rule 4(k) provides that "[i]f service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice . . ." However, the rule also provides an exception, which allows a court to grant the plaintiff an appropriate extension of the time by which she must serve the defendants "if the plaintiff shows good cause for the failure." As noted by the magistrate judge, the West Virginia Supreme Court of Appeals has found that, in order to show good cause for a failure to timely serve, a plaintiff must show more than "mere inadvertance, neglect, misunderstanding, or ignorance of the rule or its burden." State ex rel. Charleston Area Med. Ctr. v.

5

Kaufman, 475 S.E.2d 374, 380-81 (W. Va. 1996).  In order to determine whether or not a plaintiff has shown good cause, a court can consider:

> (1) the length of time used to obtain service; (2) the activities of the plaintiff; (3) the plaintiff's knowledge of the defendant's location; (4) the ease with which the defendant's location could have been ascertained; (5) the actual knowledge by the defendant of the pendency of the action; and (6) special circumstances which would affect the plaintiff's effort.

Id.

The West Virginia Supreme Court of Appeals has also found that, if the plaintiff fails to show good cause, the court may exercise its discretion to extend the time of service.  Burkes v. Fas-Chek Food Mart, Inc., 617 S.E.2d 838, 844-45 (W. Va. 2005).  In determining whether to extend the time for service in the absence of good cause shown by the plaintiff, courts should consider "(1) whether the defendant evaded service, (2) whether the defendant knowingly concealed a defect in service, (3) whether the statute of limitations has expired, and (4) whether the defendant has been prejudiced by the failure to serve."  Id.

The plaintiff's arguments as to good cause for her failure to timely serve the defendants do not contend that service was prevented in any way by the defendants or the plaintiff's inability to locate them.  She also does not contend that she was in some way physically unable to serve them.  Rather, the plaintiff's entire claim of good cause revolves around the fact that her counsel withdrew on the last day for filing this civil action under the

6

statute of limitations, thus leaving her pro se. Accordingly, as to the factors for finding good cause delineated in Kaufman, the plaintiff only evokes the final factor, that special circumstances affected her effort to serve the defendants.

The magistrate judge rejected this contention. He noted that the delay in serving the defendants was significant–nearly 800 days–and placed specific emphasis on the fact that the plaintiff admits that she was fully aware of the 120 day deadline for service at all stages both prior to and following the filing of her complaint in the circuit court. The magistrate judge also placed importance on the plaintiff's admission that, while she did not receive the complaint immediately after it was filed, she received it within 60 days remaining on the service deadline. This, the magistrate judge found, was more than enough time to serve these defendants prior to the expiration of the 120 day deadline.

The magistrate judge also recommends that this Court not utilize its discretion to extend the plaintiff's deadline. Again, the magistrate judge emphasizes the plaintiff's admitted awareness of the deadline, and the fact that there is no evidence that the defendants themselves contributed to the plaintiff's failure to effectuate service. He also notes that the defendants will be prejudiced by the fact that the plaintiff has sat on her rights for more than four years. Accordingly, the magistrate judge contends, the fact that the statute of limitations has run on the plaintiff's

claims is outweighed by the plaintiff's failure to comply with a deadline of which she was entirely aware.

In objection, the plaintiff argues that the magistrate judge's report and recommendation overlooks the abandonment of the plaintiff by her prior counsel, and does not take into account that the delay in filing the civil action, as well as in the plaintiff's receiving a copy of the complaint, severely limited the plaintiff's ability to obtain new counsel prior to the service deadline. She also provides argument and an affidavit which suggest that she was suffering from psychological and emotional difficulties at the time that service was required to be made. The plaintiff further argues that the magistrate judge fails to consider the merits or gravity of the plaintiff's allegations, and that the report and recommendation finds that the defendants would be prejudiced by the continuation of this case when the defendants never made such an argument.

After review of the report and recommendation, the record, and the filings of the parties, this Court finds that the plaintiff's objections are without merit, and the magistrate judge correctly concluded that the plaintiff's complaint must be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(5). This Court recognizes that the plaintiff's attorney discontinued his representation of the plaintiff on the final day prior to the expiration of the statute of limitations, and left the plaintiff, who never intended to proceed pro se, to protect her rights on her

own without the aid of counsel.  This Court also recognizes the plaintiff's argument that she has no legal background and may have been suffering from psychological or emotional distress at the time.

However, it is equally clear that the plaintiff was fully aware of the deadline by which she was required to serve the defendants, and that she received a copy of the complaint within sufficient time to meet this deadline.  Further, the plaintiff failed to request an extension from the circuit court at any time to allow her to obtain counsel or to serve the defendants herself. This Court also notes that, when the plaintiff finally did serve the defendants after a nearly two year delay, she had no trouble serving the defendants as a *pro se* litigant.

The plaintiff argues that the fact that she did not receive a copy of the complaint for 60 days after it was filed hindered her ability to obtain substitute counsel before the service deadline, but the record also indicates that the plaintiff never obtained substitute counsel at any time, and no effort was made at any time to serve the defendants until service was made, nearly two years late. Accordingly, the plaintiff's explanation as to her personal issues, as well as her issues with her attorney, are insufficient to show special circumstances of the type to create good cause for a delay this significant.

This Court also finds that it is inappropriate to use its discretion to allow the plaintiff to serve the defendants so long

after the 120 day deadline.  As the magistrate judge found, the defendants have done nothing to create or add to the delay in service in this case, and there is no indication that they were aware of the filing of this civil action prior to the time that they were served.  Further, while the statute of limitations has run on the plaintiff's claims, the defendants will certainly be unfairly and materially prejudiced if they are required to defend this civil action nearly five years following the incident in question.  Over such an extended period of time, memories of parties and witnesses are likely to fade or become distorted, evidence may disappear, and the defendants' ability to defend themselves is greatly impaired.  The plaintiff should not receive a windfall as a result of her extensive delay in effectuating service in this case.

The plaintiff has argued that the defendants have not raised a sufficient argument as to prejudice, and thus implies that this Court cannot <u>sua sponte</u> find prejudice as a basis for denying the plaintiff an extension for service.  This is simply not the case.  Rule 4(k) provides that a court may dismiss a plaintiff's case for failure to timely serve a defendant either on motion of the defendant or on its own motion.  Accordingly, this Court may act entirely <u>sua sponte</u> in dismissing the plaintiff's case under this rule, and there is no burden on the defendants to present cause why the case should be dismissed for failure to timely serve the defendant with process.  Rather, the Court is charged with

considering the elements set forth in Burkes, 617 S.E. at 844-45, and make a determination therefrom. If a burden on the parties exists, in fact, it is on the plaintiff to demonstrate that her case should not be dismissed. It is further necessary to note that severity or the merits of the plaintiff's allegations are irrelevant to this inquiry, which focuses solely on issues and considerations relevant to timely service. See id.; and Kaufman, 475 S.E.2d at 380-81.

## IV. Conclusion

For the reasons described above, the report and recommendation of the magistrate judge is AFFIRMED and ADOPTED in its entirety.[4] Accordingly, the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(5) is GRANTED. This civil action is DISMISSED WITHOUT PREJUDICE. Accordingly, it is ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

---

[4] Although there is case law from at least one other circuit, Cardenas v. City of Chicago, 646 F.3d 1001, 1008 (7th Cir. 2011), noting that where there would be a statute of limitations bar, dismissal with prejudice would be appropriate, this Court will follow the recommendation of the magistrate judge that dismissal be without prejudice.

DATED:        August 16, 2013

                                        /s/ Frederick P. Stamp, Jr.
                                        FREDERICK P. STAMP, JR.
                                        UNITED STATES DISTRICT JUDGE